**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| CHARGE FUSION TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 6:21-CV-1078-ADA |
| | § | |
| TESLA, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT TESLA, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE CLAIMS FOR INDIRECT
INFRINGEMENT AND FOR INJUNCTIVE RELIEF**

# <u>TABLE OF CONTENTS</u>

**Page**

I.     Introduction ..................................................................................................................1

II.    Facts ...........................................................................................................................3

III.   Legal Standards ..........................................................................................................4

IV.   Argument ....................................................................................................................5

     A.     Plaintiff's Complaint Fails to State a Claim for "Indirect Infringement" ...............5

           1.     Charge Fusion's Indirect Infringement Claims Amount to a Boilerplate Recitation of the Legal Standards ...............................................7

           2.     Charge Fusion Fails To Allege That Tesla Had Actual Pre-Suit Knowledge of The '488 Patent .........................................................................7

     B.     Plaintiff Fails to State a Claim for Injunctive Relief .............................................8

V.    Conclusion ................................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter,*
620 F. App'x 934 (Fed. Cir. 2015) ..................................................................4, 5

*Alarm.com, Inc. v. SecureNet Technologies LLC,*
345 F. Supp. 3d 544 (D. Del. 2018)......................................................................6

*Apple, Inc. v. Samsung Electronics Co., Ltd.*,
678 F.3d 1314 (Fed. Cir. 2012).........................................................................10

*Arris Grp., Inc. v. British Telecomms. PLC,*
639 F.3d 1368 (Fed. Cir. 2011)...........................................................................6

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009).................................................................................4, 5, 8

*Beacon Theatres, Inc. v Westover,*
359 U.S. 500 (1959).............................................................................................2

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007).......................................................................................4, 5, 7

*Broadcom Corp. v. Qualcomm Inc.,*
543 F.3d 683 (Fed. Cir. 2008)..............................................................................5

*Castlemorton Wireless, LLC v. Bose Corp.,*
No. 6:20-cv-00029-ADA, 2020 WL 6578418 (W.D. Tex. July 22, 2020)
(Albright, J.)......................................................................................................6, 7

*Clark v. Bartling,*
No. CIV-08-05-C, 2009 WL 112985 (W.D. Okla. Jan. 15, 2009) ...........................9

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015)..............................................................................................6

*De La Vega v. Microsoft Corp.*,
No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)
(Albright, J.).....................................................................................................4, 7

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006)....................................................................................9, 10, 11

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)..............................................................................................2

*Golden Blount, Inc. v. Robert H. Peterson Co.*,
365 F.3d 1054 (Fed. Cir. 2004)...............................................................................6

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
No. 1-14-CV-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ...................................5

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
No. 6:20-CV-00317-ADA, 2021 WL 4555608 (W.D. Tex. Oct. 4, 2021)
(Albright, J.)...............................................................................2, 7, 8

*M&C Innovations, LLC v. Igloo Prod. Corp.*,
No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) .........................................9

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018).......................1, 6, 7, 8

*MONKEYmedia, Inc. v. Twentieth Century Fox Home Ent., LLC*,
226 F. Supp. 3d 693 (W.D. Tex. 2016)...................................................................6

*Papasan v. Allain*,
478 U.S. 265 (1986)...........................................................................................5

*Sampson v. Murray*,
415 U.S. 61 (1974)...................................................................................10, 11

*State Indus., Inc. v. A.O. Smith Corp.*,
751 F.2d 1226 (Fed. Cir. 1985).......................................................................1, 8

*SynQor, Inc. v. Artesyn Techs., Inc.*,
709 F.3d 1365 (Fed. Cir. 2013)...............................................................................6

*Weinberger v. Romero-Barcelo*,
456 US 305 (1982)...........................................................................................9

*z4 Techs., Inc. v. Microsoft Corp.*,
434 F. Supp. 2d 437 (E.D. Tex. 2006) ...............................................................10

**Statutes**

35 U.S.C. § 283...............................................................................1, 3, 8, 9

35 U.S.C. § 284...............................................................................4, 10

Fed. R. of Civ. P. 12(b)(6) ...............................................................1, 8, 11

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Tesla, Inc. ("Tesla") moves to dismiss Plaintiff Charge Fusion Technologies, LLC's ("Charge Fusion" or "Plaintiff") claim of indirect infringement of U.S. Patent No. 9,853,488 (the "'488 Patent"), as well as Charge Fusion's claim for injunctive relief.

## I.    INTRODUCTION

Charge Fusion filed its Complaint against Tesla on October 15, 2021, alleging infringement of three of Charge Fusion's patents.  Dkt. No. 1 (Complaint).  Included among Charge Fusion's allegations is a claim that Tesla induced infringement of, and contributorily infringes, the '488 Patent, as well as a prayer that the Court "preliminarily and permanently enjoin Tesla pursuant to 35 U.S.C. § 283 …."  *See id.* at ¶¶ 45-49, Prayer ¶ E.  Charge Fusion fails to allege sufficient facts to give rise to a plausible indirect infringement claim and for the requested relief related to these matters.

As to Charge Fusion's indirect infringement claim, the Complaint fails to allege that Tesla had pre-suit knowledge of the '488 Patent.  Charge Fusion's theory on pre-suit knowledge rests on a single factual allegation that is legally deficient: that Tesla had pre-suit knowledge of the '488 Patent based on the USPTO's citation to the '488 Patent's ***underlying application*** during the prosecution of a Tesla Motors, Inc. patent application.  *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (noting that mere knowledge that a patent has been applied for or is "pending" does not impute pre-suit knowledge on a defendant, because "[f]iling an application is no guarantee any patent will issue …."); *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *2 (W.D. Tex. Nov. 30, 2018) ("[Plaintiff's] allegation of actual notice stemming from [] prosecution activity is too attenuated to plausibly infer that [defendant] had pre-suit knowledge of the Asserted Patents.").  That the Tesla Motors application ultimately resulted in an issued patent or that the named inventors of that application were Tesla

employees at some point, does not evidence knowledge of the '488 Patent. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) (holding that "deliberate indifference to a known risk that a patent exists is not the appropriate standard," and that the knowledge standard "surpasses recklessness and negligence"). To be sure, nowhere does Charge Fusion allege facts that show Tesla had *"actual knowledge" of the '488 Patent* prior to the Complaint. *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317-ADA, 2021 WL 4555608, at *1 (W.D. Tex. Oct. 4, 2021) (Albright, J.) ("To allege indirect infringement, the plaintiff must plead specific facts sufficient to show that *the accused infringer had actual knowledge of the patents-in-suit* ….") (emphasis added).

Charge Fusion's claim for injunctive relief similarly fails because Charge Fusion alleges no facts that would entitle it to such relief. Even assuming Tesla's liability, the Complaint readily admits that monetary damages would adequately compensate Charge Fusion for any injury it has sustained. Charge Fusion makes no allegations that it has suffered any type of irreparable injury, such as loss of market share, lost profits, or harm to its reputation. Nor can it. Notably absent are any allegations that Charge Fusion developed, manufactured, sold, licensed, marketed, or in any way distributed a single product or technology that utilizes the asserted patents in this case, let alone a product or technology that is in direct market competition with Tesla. Rather, Charge Fusion readily acknowledges that it had "substantial challenges" to even "build a business." *See* Dkt. No. 1, ¶ 19 ("Lacking an issued patent, Charge Fusion met with substantial challenges in their efforts to acquire the capital needed to build a business around their technology."). Thus, it has not shown, and cannot show, irreparable harm or the inadequacy of legal remedies. *See Beacon Theatres, Inc. v Westover*, 359 U.S. 500, 506-07 (1959) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."). Because the

Complaint fails to set forth any facts from which entitlement to injunctive relief may be plausibly inferred, its claim for a preliminary and permanent injunction under 35 U.S.C. § 283 should be dismissed.

## II.   FACTS

On October 15, 2021, Charge Fusion filed its Complaint against Tesla alleging infringement of three patents, including the '488 Patent.  Charge Fusion was purportedly formed in 2008 by Jeffrey Ambroziak and Carson Fincham, two patent attorneys, "to design, develop, market, sell and generally commercialize inventions in the electric car industry that were conceived by them."  Dkt. No. 1, ¶¶ 12-14.  On January 21, 2010, the USPTO published U.S. Patent Application No. US2010/0017249, which was submitted by Fincham on July 11, 2008 (the "Fincham Application").  *See id.* at ¶¶ 21, 24.  The USPTO ultimately granted the Fincham Application, issuing the '488 Patent on December 26, 2017.  *Id.* at ¶¶ 23, 27.

Charge Fusion claims that "Tesla has been on notice of Charge Fusion's '488 Patent since at least December 26, 2017, which is the date the '488 Patent was issued," but the facts it alleges in support of that claim belie such notice.  *Id.* at ¶ 23.  Charge Fusion alleges that on January 29, 2009, Tesla employees filed U.S. Patent Application No. US12/322,317 (the "'317 Application").[1] *Id.* at ¶ 23.  During the process of prosecuting that application, Charge Fusion alleges that Tesla received a non-final rejection from the USPTO based on the Fincham Application.  *Id.* at 24.  The Complaint further alleges that the '317 Application eventually issued as U.S. Patent No. 8,054,038 on November 8, 2011.  *Id.*  Charge Fusion does not, because it cannot, allege any facts about Tesla's pre-suit knowledge of the '488 ***Patent after*** its issuance on December 26, 2017.

---

[1] Notably, "U.S. Patent Application No. US12/322,317" is not a Tesla Motors, Inc. patent application.  Nor is it the application number for U.S. Patent No. 8,054,038, which was issued from U.S. Patent Application No. 12/322,217.

For each of its three patent infringement counts, Charge Fusion alleges that it "has suffered monetary damages," due to Tesla's purported infringement, and that it "is entitled to an award of damages adequate to compensate it for such infringement which, by law, can be no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284." Dkt. No. 1, ¶¶ 50 (Count I - '488 claim), 59 (Count II - U.S. Patent No. 10,819,135 claim), and 80 (Count III - U.S. Patent No. 10,998,753 claim).  Charge Fusion fails to allege any other injury that it has sustained, or may sustain, due to the alleged infringement.

## III.   LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *1 (W.D. Tex. Feb. 11, 2020) (Albright, J.) (internal quotations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint must allege "enough facts to state a claim for relief that is plausible on its face").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678; *see also Addiction & Detoxification Inst. L.L.C. v. Carpenter,* 620 F. App'x 934, 936 (Fed. Cir. 2015) ("*Twombly* and *Iqbal* require that a complaint for patent infringement contain sufficient factual allegations such that a reasonable court could, assuming the allegations were true, conclude that the defendant infringed.").  Allegations that "do not permit the court to infer more than the mere possibility of misconduct" are insufficient.  *Iqbal*, 556 U.S. at 679.  Where the plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Twombly*, 550 U.S. at 570.  Although a court reviewing a motion to dismiss "must take all the

factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *accord Twombly*, 550 U.S. at 555 (citing *Papasan* with approval).  "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64.

## IV.    ARGUMENT

### A.    Plaintiff's Complaint Fails to State a Claim for "Indirect Infringement"

Charge Fusion improperly claims that Tesla is liable for indirect infringement based on Tesla's induced and contributory infringement of the '488 Patent.  Dkt. No. 1, ¶¶ 45-49.  "To properly state a claim for induced infringement, a complaint must plead facts that plausibly show that the defendant has specific intent to cause another party's direct infringement and knew that the other party's acts constitute infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1-14-CV-134-LY, 2015 WL 3513151, at *5 (W.D. Tex. Mar. 24, 2015) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1333 (Fed. Cir. 2012)); *see also Addiction & Detoxification Inst. L.L.C.,* 620 F. App'x at 935 (observing that "simply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement.").  It is insufficient to merely allege that Tesla was aware of the allegedly infringing acts—rather, Charge Fusion is required to allege that Tesla was "*aware of the ['488 Patent], knows or should have known that the encouraged acts constitute infringement of the ['488 Patent], and has an intent to cause the encouraged acts*." *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 698 (Fed. Cir. 2008) (emphasis in the original).

Similar to induced infringement, a party can only be found liable for contributory infringement if the accused product is used to (i) "commit acts of direct infringement," (ii)

"constitute[es] a material part of the invention," (iii) the party knew the accused product was "especially made or especially adapted for use in an infringement," and (iv) the accused product is "not a staple article or commodity of commerce suitable for substantial noninfringing use". *Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1376 (Fed. Cir. 2011) (quoting 35 U.S.C. § 271(c)); *see also Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004) (explaining that contributory infringement requires that the defendant "knew that the combination for which its components were especially made was both patented and infringing.").

Thus, actual knowledge of both the patent and that the patent is being infringed is required for induced and contributory infringement. *MONKEYmedia, Inc. v. Twentieth Century Fox Home Ent., LLC*, 226 F. Supp. 3d 693, 708 (W.D. Tex. 2016) ("Actual knowledge that the patent would be infringed is required for both contributory and induced infringement."); *Meetrix IP, LLC*, 2018 WL 8261315, at *2 (acknowledging requirement of pre-suit knowledge for indirect infringement claim); *Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-cv-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020) (Albright, J.) (same); *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1379 (Fed. Cir. 2013) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011)) ("Liability for induced or contributory infringement under § 271(b) or (c) requires 'knowledge that the induced acts constitute patent infringement[]' … [which] includes, in part, actual 'knowledge of the existence of the patent that is infringed.'"); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (indirect and contributory infringement claims must support a reasonable inference of a defendant's "knowledge of the patent in suit and knowledge of patent infringement."); *see also Alarm.com, Inc. v. SecureNet Technologies LLC*, 345 F. Supp. 3d 544, 554 (D. Del. 2018) (citing *Global-Tech Appliances, Inc.*, 563 U.S. at 769) (rejecting argument

that plaintiff "should have known" about accused patent as sufficient to prove indirect infringement.).

### 1.    Charge Fusion's Indirect Infringement Claims Amount to a Boilerplate Recitation of the Legal Standards

As an initial matter, Charge Fusion's claims of induced and contributory infringement are nothing more than rote recitations of the legal elements for those claims and can be dismissed on that basis alone.  *See, e.g.*, Dkt. No. 1, at ¶¶ 45 ("Tesla has induced and are knowingly inducing their dealers, customers, and end-users to directly infringe the claims of the '488 Patent, with the specific intent to induce acts constituting infringement, and knowing that the induced acts constitute patent infringement, either literally or equivalently."); *see also id.*, at ¶ 46 (allegation regarding contributory infringement).  Charge Fusion fails to identify any facts that put Tesla on notice of the specific indirect infringement claims against it.  *Id.*  As a result, Charge Fusion has not alleged enough facts to state claims that are "plausible on [their] face."  *De La Vega*, 2020 WL 3528411, at *2 (quoting *Iqbal*, 556 U.S. at 678); *see also Twombly*, 550 U.S. at 545 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")

### 2.    Charge Fusion Fails To Allege That Tesla Had Actual Pre-Suit Knowledge of The '488 Patent

Charge Fusion's indirect infringement claims are also dismissible because they do not adequately allege that Tesla had pre-suit knowledge of the '488 Patent as required to sustain an indirect infringement allegation in this District.  *Kirsch Rsch. & Dev., LLC*, 2021 WL 4555608, at *1 ("To allege indirect infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit …."); *Meetrix IP, LLC*, 2018 WL 8261315, at *2; *Castlemorton*, 2020 WL 6578418, at *5.  Charge Fusion's only factual

predicate for Tesla's alleged pre-suit knowledge of the '488 Patent is through a citation to Charge Fusion's underlying patent *application* during the prosecution of Tesla Motor Inc.'s patent application.  Dkt. No. 1, at ¶¶ 23-24.  But, the mere awareness of a patent application does not establish the requisite pre-suit knowledge of the asserted patent to sustain an indirect infringement allegation.  *See, e.g.*, *State Indus., Inc.,* 751 F.2d at 1236 ("Filing an application is no guarantee any patent will issue, and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable."); *Meetrix IP, LLC*, 2018 WL 8261315, at *2 ("[An] allegation of actual notice stemming from [] prosecution activity is too attenuated to plausibly infer that [defendant] had pre-suit knowledge.").

Stripping away that deficient factual allegation, what remains, then, is Charge Fusion's conclusory and unsupported allegation that "Tesla has been on notice of the '488 Patent since it was issued on December 26, 2017."  Dkt. No. 1, at ¶ 23.  But, these types of "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557); *see Kirsch Resh. & Dev., LLC*, 2021 WL 4555608 at * 2 (citing *Iqbal*, 556 U.S. at 681) (dismissing indirect infringement claims after finding "facially implausible" allegations did not support defendant's knowledge of patent-at-issue).  To be sure, Charge Fusion never attempts to allege how Tesla has been on notice of the '488 Patent since its issuance.  Thus, this Court should dismiss Charge Fusion's indirect infringement claim against Tesla pursuant to Fed. R. Civ. P. 12(b)(6).

### B.      Plaintiff Fails to State a Claim for Injunctive Relief

Charge Fusion prays for this Court to "preliminarily and permanently enjoin Tesla pursuant to 35 U.S.C. § 283."  Dkt No. 1, at Prayer ¶ E.  Pursuant to 35 U.S.C. § 283, the "courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems

reasonable." 35 U.S.C. § 283. "The basis for [preliminary or permanent] injunctive relief in the federal courts has always been *irreparable injury* and the *inadequacy of legal remedies*." *Weinberger v. Romero-Barcelo*, 456 US 305, 312 (1982) (emphasis added). Courts apply a four-factor test to determine whether to grant a request for injunctive relief. *See, e.g.*, *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Under this test, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* "These familiar principles apply with equal force to disputes arising under the Patent Act." *Id.* Indeed, "the Patent Act expressly provides that injunctions 'may' issue 'in accordance with the principles of equity.'" *Id.* at 392 (quoting 35 U.S.C. § 283).

To state a claim for such injunctive relief, Charge Fusion is required to allege "a facially valid basis for the Court to infer the presence of" these equitable factors. *Clark v. Bartling*, No. CIV-08-05-C, 2009 WL 112985, at *6 (W.D. Okla. Jan. 15, 2009). Such a claim should be dismissed where, as here, Charge Fusion "has failed to [plead] facts that would permit a finding of irreparable injury and [an] absence of an adverse impact on the public." *Id.* at *8 (dismissing "the official capacity prayer for an [injunctive] order"); *see M&C Innovations, LLC v. Igloo Prod. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713, at *6 (S.D. Tex. July 31, 2018) (citing *Twombly*, 550 U.S. at 558) (dismissing prayer for injunctive relief in a patent suit where "the complaint contains no factual allegations supporting [plaintiff]'s request, as a non-practicing entity, to injunctive relief").

Here, Charge Fusion alleges no facts from which the existence of any of the four *eBay* factors could plausibly be inferred.  First, Charge Fusion fails to allege any facts that can plausibly support that it has suffered or will suffer any irreparable injury.   "The key word in this consideration is irreparable … [m]ere injuries, however substantial, in terms of money, time and energy necessarily expended … are not enough."  *Sampson v. Murray*, 415 U.S. 61, 90 (1974).  In the context of patent infringement, mere ownership of an infringed patent is not enough to establish irreparable injury.  *See z4 Techs., Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 440-41 (E.D. Tex. 2006); *see eBay Inc.*, 547 U.S. at 394 (rejecting the Court of Appeals' "categorical grant" of injunctive relief in patent infringement cases).  Instead, the patent holder must show injuries that are *irreparable*, or possibly incalculable, such as "lost profits, the loss of brand name recognition or the loss of market share …."  *z4 Techs., Inc.*, 434 F. Supp. 2d at 440.  Further, the patent holder must show "some causal nexus" between the alleged infringement and the alleged harm "as part of the showing of irreparable harm."  *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 678 F.3d 1314, 1324 (Fed. Cir. 2012).

Charge Fusion alleges no such injury, and, in fact, alleges *the opposite*.  Specifically, for each infringement claim alleged against Tesla, the Complaint sets forth no specific harm to Charge Fusion other than stating for each claim that Charge Fusion "has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement which, by law, can be no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284."  Dkt. No. 1, at ¶¶ 50 (Count I - '488 claim), 59 (Count II - U.S. Patent No. 10,819,135 claim), and 80 (Count III - U.S. Patent No. 10,998,753 claim).  These alleged monetary damages are "remedies at law" and, by definition, do not reflect actual or threatened

*irreparable* injury.  *eBay Inc.*, 547 U.S. at 391; *see Sampson*, 415 U.S. at 90.  They also undermine the very notion that Charge Fusion can only be made whole through equitable, injunctive relief.

Moreover, Charge Fusion fails to even allege that it has developed, manufactured, sold, or licensed any product utilizing any of the Asserted Patents.  As a non-practicing patent holder, Charge Fusion necessarily has not suffered any lost profits, or loss of market share, or loss of brand recognition that could lead to a finding of irreparable injury.  In any event, even if it had sustained such injuries, Charge Fusion has not alleged as much in its Complaint.

The same is true as to whether the public interest would not be disserved by a permanent injunction.  The Complaint is completely devoid of any allegations that enjoining Tesla from enabling customers to use the accused functionality is in the public interest.  To the contrary, the Complaint supports the inference that an injunction would harm the public.  *See, e.g.*, Dkt. No. 1, at ¶¶ 32 (Tesla "develops, designs, manufactures, sells, and distributes electric cars and charging stations" that are purchased and used by members of the public and also "provides services, including, but not limited to, charging services" for its cars.).

Taking the Complaint as a whole, Charge Fusion's request for injunctive relief is wholly inappropriate and can be dismissed, particularly where its allegations highlight the sufficiency of monetary remedies.

## V.      CONCLUSION

For the foregoing reasons, Tesla respectfully requests that this Court grant its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: January 7, 2021

Respectfully submitted,

*/s/ Deron R. Dacus*
Deron R. Dacus
SBN: 00790553
ddacus@dacusfirm.com
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: 903-581-2543

Michael A. Berta (admitted *pro hac vice*)
Ryan Casamiquela (admitted *pro hac vice*)
michael.berta@arnoldporter.com
ryan.casamiquela@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER
LLP
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3277

Nicholas H. Lee (admitted *pro hac vice*)
Daniel Shimell (admitted *pro hac vice*)
nicholas.lee@arnoldporter.com
daniel.shimell@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER
LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Tel: 213-243-4156

Mark Samartino (admitted *pro hac vice*)
mark.samartino@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER
LLP
70 West Madison Street
Suite 4200
Chicago, IL 60602-4231
Tel:  312-583-2437

*Attorneys for Defendant Tesla, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on all counsel of record via the Court's ECF system.

*/s/ Deron Dacus*

Deron Dacus