**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| CHARGE FUSION TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 6:21-CV-1078-ADA |
| | § | |
| TESLA, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) FOR FAILURE TO
STATE CLAIMS FOR INDIRECT INFRINGEMENT AND FOR INJUNCTIVE RELIEF**

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................................................1

II.    ARGUMENT ......................................................................................................1

    A.    Plaintiff's Complaint Fails to Adequately Allege Indirect Infringement of the '488 Patent ...............................................................................................1

          1.    New Allegations Asserted in the Response, but not Alleged in the Complaint, Cannot Salvage Charge Fusion's Defective Indirect Infringement Claim ...............................................................................1

          2.    Charge Fusion's Reliance on a District of Massachusetts Decision is Misplaced ...........................................................................................3

          3.    The Complaint Does Not Allege Willful Blindness ...................................5

          4.    Charge Fusion Fails to Allege Any Knowledge of the '488 Patent............6

    B.    Plaintiff's Arguments in Response to the Motion Cannot Overcome the Complete Absence of Facts Needed to Support a Claim for Injunctive Relief .......7

    C.    Tesla's Motion Should Be Granted with Prejudice as a Result of Charge Fusion's Improper Conduct .....................................................................8

III.   CONCLUSION..................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) .........................................5

*Aguirre v. Powerchute Sports, LLC*,
No. SA-10-CV-702-XR, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011) .................................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................................................2, 5, 7, 8

*Castlemorton Wireless, LLC v. Bose Corp.*,
No. 6:20-CV-00029-ADA, 2020 WL 6578418 (W.D. Tex. July 22, 2020) ............................6

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015) ..............................................................................................................2, 3

*De La Vega v. Microsoft Corp.*,
No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ...........................7

*Dorsey v. Portfolio Equities, Inc.*,
540 F.3d 333 (5th Cir. 2008) .................................................................................................2

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006) ....................................................................................................... 7, 8, 9

*Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*,
No. 7:19-CV-00026-DC, 2019 WL 3818048 (W.D. Tex. June 13, 2019) ..............................6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011) ...............................................................................................................5

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
No. 6:20-CV-00317-ADA, 2021 WL 4555608 (W.D. Tex. Oct. 4, 2021)
(Albright, J.) ..........................................................................................................................4

*M&C Innovations, LLC v. Igloo Prod. Corp.*,
No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) .........................................8

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ...........................1, 4, 6

*MONEC Holding AG v. Motorola Mobility, Inc.*,
897 F. Supp. 2d 225 (D. Del. 2012) ......................................................................................5

*Rembrandt Soc. Media, LP v. Facebook, Inc.*,
  950 F. Supp. 2d 876 (E.D. Va. 2013) ...................................................................6

*SiOnyx, LLC v. Hamamatsu Photonics K.K.*,
  330 F. Supp. 3d 574 (D. Mass. 2018) ..............................................................3, 4

*State Indus., Inc. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985)...................................................................1, 4, 5

*SynQor, Inc. v. Artesyn Techs., Inc.*,
  709 F.3d 1365 (Fed. Cir. 2013)...........................................................................3

*Tanglewood E. Homeowners v. Charles-Thomas, Inc.*,
  849 F.2d 1568 (5th Cir. 1988) .........................................................................7, 8

*USC IP P'ship, L.P. v. Facebook, Inc.*,
  No. 6:20-CV-00555-ADA, 2021 WL 3134260 (W.D. Tex. July 23, 2021) ...........6

*WCM Indus., Inc. v. IPS Corp.*,
  721 F. App'x 959 (2018) .....................................................................................4

*Weinberger v. Romero-Barcelo*,
  456 US 305 (1982).............................................................................................8

## Other Authorities

35 U.S.C. § 283 ..........................................................................................................7

Fed. R. Civ. P.Rule 8 .................................................................................................5

Fed. R. Civ. P. 8(a)(2) ...............................................................................................2

Fed. R. Civ. P. Rule 12(b)(6) ...............................................................................2, 10

Fed. R. Civ. P. 12(d) .................................................................................................2

## References

Gregory E. Upchurch, IP Litigation Guide Patents & Trade Secrets
  (2021 ed.) ..........................................................................................................3

## I.     INTRODUCTION

Charge Fusion's response ("Response") to Tesla's Motion to Dismiss ("Motion") does nothing to address the pleading deficiencies in its Complaint.  Charge Fusion's arguments do not overcome its failure to allege pre-suit knowledge or adequately support indirect infringement in the Complaint.  Nor does its Response overcome the complete absence of facts from which Charge Fusion's claimed entitlement to injunctive relief may be plausibly inferred.  For these reasons, Tesla's Motion should be granted.   Additionally, Tesla's Motion should be granted for the independent reason of Charge Fusion's misconduct related to the purported stipulation it "proposed" that Tesla enter into related to this Motion.

## II.    ARGUMENT

### A.     Plaintiff's Complaint Fails to Adequately Allege Indirect Infringement of the '488 Patent

#### 1.     New Allegations Asserted in the Response, but not Alleged in the Complaint, Cannot Salvage Charge Fusion's Defective Indirect Infringement Claim

In its Response, Charge Fusion first attempts to defeat Tesla's Motion by asserting facts that are not alleged in the Complaint.  For example, Charge Fusion theorizes for the first time in its Response that Tesla's alleged awareness of the Fincham Application could have "triggered Tesla to conduct evaluations of . . . Charge Fusion and its patent applications," or that Tesla "actively monitored the progress of" the Fincham Application.  Dkt. 30 at 5-6.  Such conduct would not state a claim for relief even if Charge Fusion had alleged such activity in the Complaint. *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (noting that mere knowledge that a patent has been applied for or is "pending" does not impute pre-suit knowledge on a defendant, because "[f]iling an application is no guarantee any patent will issue. . . ."); *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *2 (W.D. Tex. Nov. 30,

2018) ("[Plaintiff's] allegation of actual notice stemming from [] prosecution activity is too attenuated to plausibly infer that [defendant] had pre-suit knowledge of the Asserted Patents."). Nevertheless, this Court need not reach that issue because the Complaint fails to allege such conduct by Tesla, and it is the allegations in the Complaint that determine whether a claim has been adequately pled. FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . .") (emphasis added); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("[W]e hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made.") (emphasis added); *see* FED. R. CIV. P. 12(d) (excluding "matters outside the pleadings" from consideration of a motion under Rule 12(b)(6)). Additional facts or conjecture inserted into a response to a motion to dismiss cannot overcome pleading deficiencies within the complaint itself. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("This court, however, will not strain to find inferences favorable to the plaintiff. . . [and] may rely on only the complaint and its proper attachments.") (emphasis added) (internal quotes omitted).

Charge Fusion's Response further underscores its continued misunderstanding of the knowledge requirement for an indirect infringement claim. Charge Fusion argues that Tesla's alleged knowledge of the Fincham Application "allow[s] for the plausible inference of Tesla's knowledge of the '488 patent as it issued, *if not earlier*, and Tesla's intent thereafter." Dkt. 30 at 5 (emphasis added). In other words, Charge Fusion contends that Tesla could have gained knowledge of the '488 patent before it even issued. There is no legal support for this premise. Indeed, Charge Fusion concedes, as it must, that the Supreme Court has unambiguously required a showing of the defendant's "knowledge of the patent in suit," and not an earlier application to support a claim of indirect infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632,

639 (2015) (emphasis added); *see* Dkt. 30 at 4-5.  "[L]iability for induced infringement can only

attach if the defendant knew <u>of the patent</u> and knew as well that the induced acts constitute patent

infringement."  *Commil USA, LLC*, 575 U.S. at 640 (emphasis added) (internal quotes omitted);

*SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1379 (Fed. Cir. 2013) (quoting *Global-Tech*

*Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011)) ("Liability for induced or contributory

infringement under § 271(b) or (c) requires 'knowledge that the induced acts constitute patent

infringement[]' . . . [which] includes, in part, actual 'knowledge of the existence of the patent that

is infringed.'").  The plain language of this requirement is crystal clear – the infringer must know

that the <u>patent</u> exists.  *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-702-XR, 2011 WL

3359554, at *5 (W.D. Tex. Aug. 4, 2011) ("It is well established in case law that knowledge of the

infringement is an absolute requirement in finding liability for contributory infringement. . .

[a]bsence of knowledge is a fatal flaw in a claim for indirect patent infringement.").  It is axiomatic

that a patent does not exist until it has been issued by the USPTO, and it follows that knowledge

of that patent cannot exist before such issuance.  *See, e.g.*, Gregory E. Upchurch, IP Litigation

Guide Patents & Trade Secrets, § 1:1 (2021 ed.) ("[U]ntil the patent issues there are no rights to

enforce.").  Charge Fusion's contention that Tesla plausibly knew of the '488 patent before it was

issued is not only implausible, it is impossible.

## 2.  Charge Fusion's Reliance on a District of Massachusetts Decision is Misplaced

Charge Fusion next relies on a case from the District of Massachusetts for the proposition

that there is no "bright-line" rule that knowledge of a patent application is insufficient to establish

the required pre-suit knowledge.  Dkt. 30 at 6 (citing *SiOnyx, LLC v. Hamamatsu Photonics K.K.*,

330 F. Supp. 3d 574 (D. Mass. 2018)).  *SiOnyx* is inapposite for at least three reasons.  First, Charge

Fusion's reliance on *SiOnyx* ignores precedent from this District, which confirmed (subsequent to

the *SiOnyx* ruling) that alleged "notice stemming from [] prosecution activity is too attenuated to plausibly infer that [a defendant] had pre-suit knowledge of the Asserted Patents." *Meetrix IP, LLC*, 2018 WL 8261315, at \*2; *see also Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317-ADA, 2021 WL 4555608, at \*1 (W.D. Tex. Oct. 4, 2021) (Albright, J.) (a plaintiff "must plead specific facts sufficient to show that *the accused infringer had actual knowledge of the patents-in-suit*" in order to state a claim for indirect infringement) (emphasis added) (citing *Global-Tech Appliances, Inc.*, 563 U.S. at 766. *Contra SiOnyx LLC*, 330 F. Supp. 3d at 609-610 (decided three months prior to *Meetrix* on August 30, 2018).

Second, the *WCM Industries, Inc.* decision from the Federal Circuit that is referenced in *SiOnyx* neither overturned the Federal Circuit's earlier decision in *State Industries* nor held that knowledge of a patent application is sufficient to allege knowledge of a particular asserted patent. *Compare State Indus., Inc.*, 751 F.2d at 1236 (noting that mere knowledge that a patent has been applied for or is "pending" does not impute pre-suit knowledge on a defendant, because "[f]iling an application is no guarantee any patent will issue. . . ."), *with WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 n.4 (2018) ("[W]e need not decide whether the cases cited by IPS still support its argument."). Indeed, the *SiOnyx* decision itself recognizes that the Federal Circuit examined this issue "without deciding" it. *SiOnyx, LLC*, 330 F. Supp. 3d at 610.

Third, *SiOnyx* is distinguishable on its facts. Unlike the allegations in the Complaint in this case, both the *WCM Industries* and *SiOnyx* courts were presented with evidence that the defendant in each case actually knew of the asserted patents. *WCM Indus., Inc.*, 721 F. App'x at 970-71 ("[U]nlike in *State Industries* . . . here WCM provided sufficient evidence for a reasonable jury to conclude that IPS *did* know of WCM's patents. . . .") (emphasis in original); *SiOnyx LLC*, 330 F. Supp. 3d at 610 (denying summary judgment when presented with evidence that, *inter alia*,

the defendant had a copy of an asserted patent in its possession two years before the plaintiff filed

suit). Here, in contrast, the only fact alleged is that Tesla was aware of the Fincham Application.

Such knowledge, without more, is insufficient for indirect infringement. *State Indus., Inc.*, 751

F.2d at 1234-1236 (reversing the district court's finding of willful infringement where defendant's

only pre-suit knowledge stemmed from the owner's manual of plaintiff's product, which indicated

"Patent Applied For").

### 3.      The Complaint Does Not Allege Willful Blindness

Charge Fusion's Response theorizes in passing, and without analysis, that Tesla could have

been "willfully blind" to the existence of the '488 patent. Dkt. 30 at 6. Charge Fusion's newfound

speculation to support a willful blindness theory that is nowhere found in the Complaint is

unavailing.[1]

Here, the Complaint only alleges that Tesla knew of the Fincham Application. Charge

Fusion does not, because it cannot, allege any facts to show it gained actual knowledge of the '488

patent. In fact, Charge Fusion does not even contend that Tesla or its employees were monitoring

the status of the Fincham Application. As pleaded there is no plausible suggestion that Tesla either

had a subjective belief in the high probability that a patent would eventually issue from the

Fincham Application, that any Tesla product would infringe such patent, or that Tesla took any

---

[1] "To state a claim for willful blindness, a plaintiff must plead facts demonstrating that the defendant '(1) subjectively believed there was a high probability a particular fact existed or was true, and (2) took deliberate actions to avoid learning of that fact.'  A complaint that fails to identify any affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent-in-suit is insufficient to state a claim for relief based on the willful blindness theory under the pleading standards set forth in Rule 8, *Twombly*, and *Iqbal*." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 230 (D. Del. 2012). A defendant's "mere negligence or recklessness will not" satisfy this standard. *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *3 (W.D. Tex. May 12, 2014); *Global-Tech Appliances, Inc.*, 563 U.S. at 769 ("[W]illful blindness. . . surpasses recklessness and negligence."). Similarly, "deliberate indifference to a known risk that a patent exists" does not satisfy the knowledge element of an indirect infringement claim. *Global-Tech Appliances, Inc.*, 563 U.S. at 766.

deliberate acts to avoid learning of such facts.  Charge Fusion's perfunctory attempt to rely on willful blindness must, therefore, fail.

### 4.   Charge Fusion Fails to Allege Any Knowledge of the '488 Patent

Charge Fusion's final fallback argument is that the Motion should be denied because Tesla has had knowledge of the '488 patent "since at least the time of the filing of the Complaint."  Dkt. 30 at 8.  This argument ignores the fact that a claim for indirect infringement properly can and should be dismissed in this District where the plaintiff fails to allege pre-suit knowledge. *Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-CV-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020) ("Because Castlemorton's complaint does not plead any facts that would support an allegation of pre-suit knowledge, the Court GRANTS Bose's motion to dismiss Castlemorton's indirect infringement claims.").  Even Charge Fusion's cited authority supports dismissal of its complaint where Charge Fusion fails to expressly plead any type of knowledge of the *'488 patent*, whether before or from the complaint.  *See Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-CV-00026-DC, 2019 WL 3818048, at *2 (W.D. Tex. June 13, 2019) (allowing indirect infringement claim to proceed only where "[t]he Amended Complaint specifically recites that all Defendants have had knowledge of how the use of the Octofueler infringes the '906 Patent from at least the service of the Original Complaint on August 6, 2018") (emphasis added); *USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6:20-CV-00555-ADA, 2021 WL 3134260, at *2 (W.D. Tex. July 23, 2021) (dismissing pre-suit indirect infringement claims, and allowing post-suit knowledge claims to proceed only because "[plaintiff] alleges that [defendant] has knowledge of the asserted patent and alleged infringement at least at the commencement of this action"); *Meetrix IP, LLC*, 2018 WL 8261315, at *3 (same); *Rembrandt Soc. Media, LP v. Facebook, Inc.*, 950 F. Supp. 2d 876, 883 (E.D. Va. 2013) ("Although the amended complaint adequately alleges indirect infringement beginning with the service of the

complaint . . . Rembrandt has failed to plead any facts that make it plausible, rather than merely conceivable, that Facebook had knowledge of either patent in issue prior to the filing of this suit.").[2]

Here, Charge Fusion fails to allege knowledge of the patent or knowledge of the infringement, whether pre-suit or post-suit.  Accordingly, Tesla's Motion should be granted.

### B.    Plaintiff's Arguments in Response to the Motion Cannot Overcome the Complete Absence of Facts Needed to Support a Claim for Injunctive Relief

Charge Fusion attempts to salvage its claim for injunctive relief by citing to *Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568 (5th Cir. 1988) for the broad proposition that dismissing a prayer for injunctive relief at the pleading stage is unwarranted.  Dkt. 30 at 9. *Tanglewood* is distinguishable on at least three grounds.  First, *Tanglewood* pre-dates both *Iqbal* and *Twombly*, and therefore necessarily did not take the plausibility standard into account when reaching its decision.  Second, *Tanglewood* predates—and therefore did not consider—*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006), which expressly held that traditional equitable principles "apply with equal force to disputes arising under the Patent Act."  Third, the plaintiff in *Tanglewood* sought "no interim relief but ask[ed] for a permanent injunction after trial on the merits."  *Tanglewood*, 849 F.2d at 1576.  The Complaint here is not so limited.  Here, Charge Fusion prays that "the Court *preliminarily and* permanently enjoin Tesla pursuant to 35 U.S.C. § 283." Dkt. 1 at Prayer ¶ E (emphasis added).  Unlike in *Tanglewood*, Charge Fusion has signaled to Tesla and this Court that it intends to seek preliminary injunctive relief, even though it has not

---

[2] Separate from Charge Fusion's failure to plead any knowledge of the '488 patent, Charge Fusion does not dispute that the allegations in the Complaint for induced and contributory infringement amount to nothing more than rote recitations of the legal elements for those claims. *See, e.g.*, Dkt. No. 1, at ¶¶ 45-46 (allegation regarding induced and contributory infringement). That provides another independent basis for dismissal of such claims.  *See De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *2 (W.D. Tex. Feb. 11, 2020) (quoting *Iqbal*, 556 U.S. at 678).

done so and its Complaint alleges *no facts* to put Tesla on notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. Furthermore, *Tanglewood*'s distinction between preliminary and permanent injunctions has been dampened, if not altogether eliminated, by *eBay Inc.*, which subsequently applied the "well-recognized tetrad litany required for injunctive relief" to a patent case seeking a <u>permanent</u> injunction. *Compare Tanglewood*, 849 F.2d at 1576, *with eBay Inc.*, 547 U.S. at 391-94. Here, the Complaint fails to allege "irreparable injury and the inadequacy of legal remedies" and in fact does not allege any facts from which irreparable harm could be plausibly inferred. *Weinberger v. Romero-Barcelo*, 456 US 305, 312 (1982). Dismissal is proper where, as here, "the complaint contains no factual allegations supporting [plaintiff]'s request, as a non-practicing entity, to injunctive relief." *M&C Innovations, LLC v. Igloo Prod. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713, at \*6 (S.D. Tex. July 31, 2018) (citing *Twombly*, 550 U.S. at 558). Tesla's Motion should be granted.

### C.      Tesla's Motion Should Be Granted with Prejudice as a Result of Charge Fusion's Improper Conduct

Charge Fusion is asking the Court to punish Tesla because, according to Charge Fusion, it benignly asked Tesla to agree to a stipulation to resolve Tesla's Motion.

That is not, at all, what happened. The Court should know the true facts. Specifically, Charge Fusion's counsel purported to inform Tesla that the Court had, on a phone call without counsel for Tesla, issued an advance advisory opinion to Charge Fusion on Tesla's Motion. According to Charge Fusion's counsel, the Court had decided to grant Tesla's Motion, but only without prejudice and would order that Charge Fusion would have three months to take discovery to support its claims. Charge Fusion's counsel further asserted that the Court told Charge Fusion to tell Tesla that Tesla should agree to Charge Fusion's proposed resolution so that the Court would not be burdened with Charge Fusion having to prepare an opposition to the Motion to Dismiss.

The full text of Charge Fusion's representations as to what the Court said on this call is set forth here:

> Mark –
>
> I called Mike Berta earlier to discuss.  The Court has advised us that, in accordance with its standard practices, the Court will grant Tesla's Motion to Dismiss (Doc. No. 28) without prejudice.  The Court will then allow Charge Fusion to take discovery related to these claims when discovery opens and will also grant plaintiff leave to amend its pleadings to reassert these claims after the start of discovery if it is able to substantiate those allegations.  As it has done in other cases, the Court will provide Charge Fusion three months from the opening of discovery to amend its pleadings on a good faith basis under Rule 11.
>
> The parties are encouraged to reach a stipulation in accordance with the above to address this motion rather than burden the court with response and reply briefs.  Please advise if Tesla is willing to enter into such a stipulation.  Our response is due Friday (1/21/22) and we would like to advise the Court as to whether the parties are willing to enter into a stipulation.
>
> Your prompt response would be appreciated.
>
> Regards,
>
> Frederick A. Teece

Ex. 1.[3]

Tesla has no reason to believe that the Court, in an oral discussion, gave Charge Fusion an *ex parte* advisory preview of what decision it had already made on Tesla's Motion.[4]  And Tesla does not believe that is what happened.  But Charge Fusion's conduct is, frankly, outrageous.  It is unacceptable that Charge Fusion would first reach out to the Court without counsel for Tesla regarding a substantive issue before the Court, and then characterize whatever discussion occurred

---

[3] Citations to "Ex. 1" refer to Exhibit 1 to the Decl. of Mark J. Samartino, filed concurrently herewith.

[4] This is especially true where, as here, Charge Fusion's version of the what the Court told it about Tesla's motion do not match the facts.  It would be out of the ordinary for the Court to allow Charge Fusion to take discovery on, for example, Charge Fusion's failure to properly allege facts sufficient to seek injunctive relief since facts relating to Charge Fusion's request for injunctive relief would be entirely within Charge Fusion's possession.  *See eBay Inc.,* 547 U.S. at 391 (describing elements plaintiffs must satisfy for injunctive relief).

as an instruction from the Court for Tesla to enter a stipulation, all to save Charge Fusion the expense of filing an opposition.  Since Charge Fusion's counsel failed to include Tesla on its call with the Court, Tesla was in no position to engage with Charge Fusion on a stipulation.  And Charge Fusion should not be permitted to engage in this type of behavior.

Furthermore, Charge Fusion's proposed stipulation that would see the dismissal of the challenged claims and then allow for discovery on those dismissed claims so that it could later add them back into the case is inconsistent with, and defeats the purpose of, dismissal of claims under Rule 12(b)(6) per *Iqbal/Twombly*.

Compounding the issue, Charge Fusion was not honest with the Court in its Response. Rather than a claimed "proposed" stipulation from Charge Fusion (*see* Dkt. No. 30 at 2 ("Specifically, on January 18, 2022, in an effort to avoid further briefing by the parties and the unnecessary expenditure of judicial resources, Charge Fusion proposed that the parties file a joint stipulation with the Court in accordance with the above. Tesla refused.")), Charge Fusion instead informed Tesla that Tesla was being "encouraged" by the Court to enter into a stipulation for Charge Fusion's benefit based on Charge Fusion's representation of the Court's decision on Tesla's Motion.  Ex. 1 ("The parties are encouraged to reach a stipulation in accordance with the above to address this motion rather than burden the court with response and reply briefs.").

Charge Fusion's counsel's actions in purporting to speak for the Court fall well short of his professional obligations.  Tesla asks that, at a minimum, the Court grant Tesla's motion with prejudice in light of Charge Fusion's actions.

## III.    CONCLUSION

For the foregoing reasons, Tesla respectfully requests that this Court grant its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

-10-

Dated: January 28, 2022

Respectfully submitted,

*/s/ Deron R. Dacus*
Deron R. Dacus
SBN: 00790553
ddacus@dacusfirm.com
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: 903-581-2543

Michael A. Berta (admitted *pro hac vice*)
Ryan Casamiquela (admitted *pro hac vice*)
michael.berta@arnoldporter.com
ryan.casamiquela@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER
LLP
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3277

Nicholas H. Lee (admitted *pro hac vice*)
Daniel Shimell (admitted *pro hac vice*)
nicholas.lee@arnoldporter.com
daniel.shimell@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER
LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Tel: 213-243-4156

Mark Samartino (admitted *pro hac vice*)
mark.samartino@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER
LLP
70 West Madison Street
Suite 4200
Chicago, IL 60602-4231
Tel:  312-583-2437

*Attorneys for Defendant Tesla, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on all counsel of record via the Court's ECF system.

*/s/ Deron Dacus*
Deron Dacus